**Johnny PANTOUW; Elias Taufan Pantouw, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–70614.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 22, 2009.

Sharon A. Healey, Law Office of Sharon A. Healey, Seattle, WA, for Petitioners.

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carol Federighi, Esquire, Senior Litigation Counsel, Eric Warren Marsteller, Esquire, Trial, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Johnny Pantouw and his son, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for withholding of removal and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny in part, dismiss in part, and grant in part the petition for review.

The agency denied Pantouw's asylum claim as time-barred. Pantouw does not challenge this finding in his opening brief.

Substantial evidence supports the agency's denial of CAT relief because Pantouw failed to show it was more likely than not that he would be tortured in Indonesia. *See id.* at 1068. Therefore, we deny Pantouw's CAT claim.

We lack jurisdiction to address Pantouw's contention that he established a pattern or practice of persecution against

Christian Indonesians because he failed to exhaust this claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). Thus, we dismiss Pantouw's pattern or practice contention.

However, because the BIA erred by refusing to consider the evidence regarding whether Pantouw belonged to a disfavored group in assessing withholding of removal, we grant the petition for review in part and remand to the BIA for reconsideration of this claim. *See Wakkary,* 558 F.3d at 1066–67.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part; GRANTED in part; REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

